THE PEOPLE OF THE STATE OF NEW YORK, Respond-ent, *v.* THE COLUMBIA CAR SPRING COMPANY, Appellant.

*Receiver — passage of accounts of — pre-requisites to order of reference.*

Before a referee is appointed to pass upon the accounts of a receiver of a corporation, the receiver should present to, and file with the court a full and definite account, verified by his oath, itemizing with particularity the various claims made by him, and the reference should relate specifically to the claims therein contained.

Appeal from an order appointing a referee to pass a receiver's accounts.

The defendant is a manufacturing corporation organized under the general laws of this State. The object of the suit was to forfeit the charter and annul the existence of the corporation, for an alleged failure to comply with the statute requiring corporations to file a certificate, stating how its capital stock was paid up, and for other reasons stated in the complaint.

At the time of its commencement, an order was made placing it in the hands of a receiver, who was, by a subsequent order, continued in possession thereof. Subsequently, at the instance of the attorney-general, the orders appointing and continuing the receiver were vacated and set aside.

Thereafter the receiver applied for the appointment of a referee to pass his accounts, although he had not made, filed, presented or served any inventory, statement or account whatever.

At the hearing on this petition, preliminary objections were raised, on behalf of the defendant, that the court had no power or jurisdiction to make an order in regard to a receiver in this case, and, also, that a motion to refer accounts could not be made or entertained till the accounts had been made and filed with the court.

The motion was granted and an order appointing a referee to pass the receiver's accounts was entered on the ninth of August.

From this order the present appeal is taken.

*Marshall P. Stafford,* for the appellant. The orders assuming to appoint and continue a receiver were null and void. No authority or power to make such orders can be deduced from the common law. Statute law is the sole source of any such visitorial power in courts over corporations. (*Attorney-General* v. *Utica Ins. Co.,* 2 Johns. Ch., 370; *Attorney-General* v. *Bank of Niagara,* Hopkins, 403; *Latimer* v. *Eddy,* 46 Barb., 61; *Galway* v. *U. S. S. S. R. Co.,* 36 id., 259; *Howe* v. *Deuel,* 43 id., 506; *Belmont* v. *Erie Railway,* 52 id., 637; *Potter* v. *Merchants' Bank,* 28 N. Y., 644.) The statutes of this State, conferring upon courts power to appoint receivers of corporations, pending a suit by the attorney-general to forfeit their charters and corporate existence, relate only to banking and insurance companies. They confer no power whatever over manufacturing corporations. (2 R. S., p. 464, § 39 [Edm. ed., p. 484].) The act of 1870 expressly excepts manufacturing companies from its operation. (N. Y. Laws of 1870, chap. 151, § 5.) The sole source of any power to appoint a receiver in such a suit is that contained in section 444 of the Code, which authorizes the appointment of a receiver, only " when judgment shall have been rendered against a corporation." (Foster, J., in *People* v. *Northern Railroad Co.,* 42 N. Y., 242; Ingraham, J., in *People* v. *Washington Ice Co.,* 18 Abb., 383; *People* v. *N. R. Co.,* 53 Barb., 124.) A corporation that offends against any provision of its charter, or any of the general laws under which it exists, does not become *ipso facto* dissolved. It continues to exist until its dissolution is judicially declared by a judgment. (Angell & Ames on Corporations, § 770; *Mickles* v. *Rochester City Bank,* 11 Paige, 118; *Bank of Niagara* v. *Johnson,* 8 Wend., 645; *People* v. *Manhattan Co.,* 9 id., 351; *People* v. *Hillsdale Co.,* 23 id., 254; *People* v. *Washington and W.*

*Bank,* 6 Cow., 211; *People* v. *Bank of Hudson,* id., 217; *Attorney-General* v. *Bank of Niagara,* Hopkins, 403.) An order appointing a referee to pass a receiver's accounts cannot be made, nor can a motion therefor be entertained until the receiver has filed his accounts with the court. (Edwards on Receivers, 215; Daniell's Ch. Pl. and Pr., 1752; High on Receivers, § 797; Kerr on Receivers [2d ed.], 247, 248; 2 Wait's Pr., 262.)

*George W. Wingate,* for the receiver. The power of the Supreme Court to appoint a receiver over the property of defendant existed by express statute and under the general equity power of the court. (Code, § 244, par. 4.) When the corporation is insolvent, or in danger of insolvency, a receiver may be appointed before judgment, even upon the application of a stockholder. (Per INGRAHAM, J., General Term, first district; *Howe* v. *Deuel,* 43 Barb., 504, 507.) And the right is unquestioned where (as here) the suit is brought by the attorney-general. (Id., 508; *People* v. *Erie R. R.,* 36 How., 131.) The Supreme Court had power to appoint a receiver of the defendant under its general equity power. In all cases where the court is satisfied that the plaintiff is entitled to the relief demanded, and it is necessary to preserve the property until the hearing, a receiver will be appointed. (*Verplanck* v. *Mercantile Ins. Co.,* 2 Paige, 451; *Hugueninis* v. *Basley,* 13 Ves., 117.) The court simply takes the matter in its own hands during the litigation. (High on Receivers, 5; *Banks* v. *Potter,* 21 How., 469.) The court only requires a *prima facie* case to grant an injunction and appoint a receiver, and the appointment rests in its sound discretion. (2 Barb. Ch. Pr., 659, note; Kerr on Receivers, 3; *Hamilton* v. *Accessory Transit Co.,* 3 Abb., 255.) And the court will appoint a receiver of a foreign corporation. (*Tinkham* v. *Borst,* 31 Barb., 407; *Murray* v. *Vanderbilt,* 39 id., 140; *Laurence* v. *Greenwich Fire Ins. Co.,* 1 Paige, 586, 587.)

DAVIS, P. J. :

The receiver in this case was appointed on an *ex parte* application, but his appointment was continued by a further order of the Special Term after hearing the parties to the action. There can be little doubt that the appointment was mprovidently made, and

none, that the action of the Attorney-General, when the case was brought to his personal notice, in stipulating that the order making such appointment be vacated, was eminently proper and just.

It is insisted, however, on the part of the appellant, that the orders appointing the receiver were absolutely void for want of jurisdiction in the court.

We think this proposition cannot be maintained. The court had jurisdiction of the suit and its subject-matter, and of the parties, and even if the court was altogether mistaken in supposing that it had power, in such an action as this, to appoint a receiver before judgment, its order would not be absolutely void so that it could be wholly disregarded by the parties, but the remedy of the injured party must be sought by appeal. The order of reference appealed from cannot, therefore, be regarded as an excess of power and set aside on that ground. It ought not, however, upon the facts presented to the court, to have been made. The petition of the receiver fails to show that he had filed or presented any account, as the established practice of the court requires. It states his claim in the most general and indefinite manner. The parties had no information of what he claimed to be entitled to, either for his compensation or his disbursements and expenses. It was his duty to have first filed his account or presented it with his petition, so that the parties against whom it is claimed might have an opportunity to determine whether they were willing to consent to the same without the expense of a reference, and the court also might have had an opportunity, to pass upon the petition of the receiver with a better understanding of the nature and extent of his claim. (Edwards on Receivers, 215 ; Kerr on Receivers, 247, 248 ; 2 Wait's Pr., 262.) To sustain the order as made would introduce a looseness of practice in such cases which might lead to great abuses. The receiver would be at liberty to present before the referee, without any restraint, whatever claims he might choose to set up, and thus open a field of controversy far broader than any intended to be permitted by the established practice. There should, before the order of reference is made in such cases, be presented a full and definite account, itemizing, with particularity, the various claims made by the receiver, verified also by his oath ; and the reference should relate specifically to the claims presented in that form. It

appears, by the affidavit of the appellant's counsel, that this point was specifically raised in the court below, and we find nothing in the papers in conflict with that statement.

Under such circumstances the order should be reversed, but with-out prejudice to a renewal of the motion by the receiver after or upon filing his account, as required by the practice.

BRADY, J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order reversed without prejudice to a renewal of the motion by the receiver after or upon filing his account.